IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALVA NUÑEZ-RENCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1308-D |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION (IBM), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action by plaintiff Rosalva Nuñez-Renck ("Nuñez") against her employer, International Business Machines Corporation ("IBM"), IBM moves for summary judgment dismissing Nuñez's remaining claims for sex-, race-, and color-based pay discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* IBM maintains, in pertinent part, that Nuñez did not exhaust her pay discrimination claims before the Equal Employment Opportunity Commission ("EEOC").[1] For the reasons that follow, the court grants IBM's summary judgment motion and, having already dismissed Nuñez's other claims in response to IBM's Fed. R. Civ. P. 12(b)(6) motion, dismisses this action with prejudice by judgment filed today.

_____

[1]IBM maintains in the alternative that Nuñez's claims fail on the merits. The court need not reach this contention, however, because IBM has established beyond peradventure that Nuñez did not exhaust all of her administrative remedies.

I

The factual background and procedural history of this case are set out in three prior memorandum opinions and orders. *See Nuñez-Renck v. Int'l Bus. Machs. Corp.*, 2024 WL 1495787 (N.D. Tex. Apr. 5, 2024) (Fitzwater, J.); *Nuñez-Renck v. Int'l Bus. Machs. Corp.*, 2023 WL 8464950 (Dec. 6, 2023) (Fitzwater, J.); *Nuñez-Renck v. Int'l Bus. Machs. Corp.*, 2023 WL 5986463 (Sept. 14, 2023) (Fitzwater, J.). The court will therefore limit its discussion of the background facts and procedural history to what is pertinent to resolving the instant motion.

On May 11, 2022 Nuñez presented a charge of discrimination against IBM ("Original Charge") to the EEOC.[2] On the charge form, Nuñez checked the boxes for discrimination based on "race," "sex," "retaliation," and "other" (specifying "FMLA" (Family and Medical Leave Act)). And she alleged in an attached affidavit that she had been bullied by her manager since the time she went on maternity leave.

On August 11, 2022 Nuñez filed with the EEOC her response to IBM's Position Statement, in which she alleged that she suffered pay discrimination:

> IBM also tries to take an approach in its Position Statement that she was being advocated for and that she received superior pay to that of other team members reporting to Mr. La Rose. This is entirely inaccurate! Mrs. Nunez was the lowest paid member of

_____

[2]In deciding IBM's summary judgment motion, the court views the evidence in the light most favorable to Nuñez as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

- 2 -

> persons reporting to Mr. La Rose and men were paid more than Mrs. Nunez even though by IBM's own admissions she was a "rising star" and "Top Talent". In your EEOC investigation Mrs. Nunez request[s] the EEOC investigate the La Rose's Team pay structure which prima facie demonstrates that women and minorities were paid less than men and is discriminatory in nature against minorities and women. Her sex claim is clear if one investigates why a woman who is a "top performer" is paid less than others (men) on the IBM La Rose Team and required a retention bonus to boost her pay.

D. App. (ECF No. 50-1) at 59. On November 3, 2022, however, the EEOC notified Nuñez that the Original Charge did not list these allegations of pay discrimination and that she could file an amended charge and add an Equal Pay Act claim.

On November 8, 2022, at 9:46 a.m., Nuñez sent an email to the EEOC that included as an attachment an amended charge of discrimination form ("Amended Charge"). On the Amended Charge form, Nuñez checked the boxes for discrimination based on "race," "color," "sex," "retaliation," "age," and "other." In another box below those, Nuñez specified that "Complainant has been discriminated against based off of sex as she is a female; under the Equal Pay Act. IBM does not pay her the same amount of pay as male employees based off of the position of job." P. Resp. (ECF No. 57), Ex. 1, at 2.

Just a few hours later, at 1:37 p.m., the EEOC emailed Nuñez's counsel:

> In your rebuttal to Respondent's position statement, you indicated that Ms. Nunez is being paid less than similarly situated males. Do you want to amend the charge to include these allegations? The charge already has [Title VII] sex female, but you can also file under [the Equal Pay Act] in the amended charge.

D. App. (ECF No. 50-1) at 39. The EEOC later followed up in a December 7, 2022 email:

> I'm following up on this matter. If you would like to amend the charge, please send it to me by December 14, 2022. If we do not receive an amended charge by the aforementioned deadline, I will be submitting the file for review and determination. Based on the evidence we have, it's likely a Notice of Rights (Dismissal) is going to be issued. Upon receipt, Ms. Nunez will be granted 90 days to pursue the matter further by filing a lawsuit in federal court. You also have the option of requesting the Notice of Rights (Issued on Request) and avoid the possibility of being issued a NRTS (Dismissal).

*Id.* at 39. On January 31, 2023 the EEOC issued a Determination and Notice of Rights letter dismissing the Original Charge. The EEOC never acknowledged having received the Amended Charge, and IBM maintains that the EEOC file affirmatively demonstrates that the EEOC never received it.

After the EEOC issued a Determination and Notice of Rights letter, Nuñez sued IBM in county court. IBM removed the case to this court based on federal question jurisdiction. This court later dismissed all of Nuñez's claims but her pay discrimination claims on IBM's Rule 12(b)(6) motion. IBM now moves for summary judgment, contending, in pertinent part, that Nuñez has not exhausted all of her administrative remedies. The court is deciding the motion on the briefs, without oral argument.

II

Because failure to exhaust administrative remedies under Title VII is an affirmative defense, *see Davis v. Fort Bend Cnty.*, 893 F.3d 300, 306 (5th Cir. 2018), it is IBM's burden to demonstrate that there are no genuine issues of material fact and that IBM is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409,

412 (5th Cir. 2003). IBM "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at \*10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

"It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted [her] administrative remedies by filing a charge of discrimination with the EEOC." *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at \*3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Bernard v. ATC VanCom*, 2005 WL 139110, at \*2 (N.D. Tex. Jan. 20, 2005) (Fitzwater, J.)), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor*, 296 F.3d at 378-79.

"The lawsuit that follows [a timely charge with the EEOC] is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at \*3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990)). "In other words, the complaint may encompass any kind of discrimination 'like or related to' allegations contained in the EEOC charge." *Id.* (quoting *Sanchez v. Standard*

*Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)).

### III

The question presented is whether IBM has established beyond peradventure that Nuñez failed to exhaust her pay discrimination claims before the EEOC.[3]  And because the Amended Charge rather than the Original Charge contains Nuñez's pay discrimination claims, the exhaustion question turns on whether IBM has demonstrated that Nuñez did not file her Amended Charge with the EEOC.

### A

IBM contends that Nuñez did not exhaust her pay discrimination claims because she did not file her Amended Charge and because her pay discrimination claims do not "grow out of" her Original Charge.  As support, IBM has introduced the EEOC's file ("File") for Nuñez's charge of discrimination against IBM.

For its contention that Nuñez did not file her Amended Charge, IBM relies on the following:

- Nuñez's response to IBM's Position Statement, in which she alleged pay discrimination;

---

[3]By "pay discrimination claims" the court means Nuñez's Title VII pay discrimination claims, which are the only live claims from her operative, second amended complaint. Although Nuñez maintains that her Amended Charge alleged that IBM violated the Equal Pay Act, Nuñez did not assert an Equal Pay Act claim in her second amended complaint. The Equal Pay Act is therefore relevant to IBM's summary judgment motion only to the extent that Nuñez contends that her inclusion of an Equal Pay Act allegation in her Amended Charge exhausted her Title VII pay discrimination claims before the EEOC.

- a record of a November 3, 2022 EEOC communication to Nuñez about the possibility of amending her charge to include her pay discrimination claims;

- a November 8, 2022, 1:37 p.m. email in which the EEOC asked Nuñez whether she wished to amend her charge; and

- a December 7, 2022 email in which the EEOC advised Nuñez that if she did not amend her charge, the EEOC would render a decision on the Original Charge.

For its contention that Nuñez's pay discrimination claims do not "grow out of" her Original Charge, IBM relies on the Original Charge itself.

Nuñez responds that she administratively exhausted her pay discrimination claims because she in fact filed the Amended Charge with the EEOC[4] and because, regardless, her pay discrimination claims "grow out of" the Original Charge. As support, Nuñez relies on

---

[4]Nuñez alleges in her second amended complaint that she "timely filed a charge of discrimination against [IBM] with the United States Equal Employment Opportunity Commission (EEOC) *and equivalent state agencies*[.]" 2d Am. Compl. ¶ 8 (emphasis added). But even if the court assumes that Nuñez could have administratively exhausted her Title VII pay discrimination claims by timely filing a proper charge of discrimination with a state agency such as the Texas Workforce Commission, Nuñez has neither raised this argument in her summary judgment response brief nor cited evidence that would enable a reasonable trier of fact to find that she filed her pay discrimination charge with a state agency. *See Hensley v. Wal-Mart Stores Inc.*, 290 Fed. Appx. 742, 743-44 (5th Cir. 2008) (unpublished table decision) (per curiam) ("This court has consistently held that arguments not raised in response to a motion for summary judgment are waived[.]"); *Wease v. Ocwen Loan Serv'g L.L.C.*, 915 F.3d 987, 996-97 (5th Cir. 2019) (cleaned up) ("It is not our function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which [s]he relies.").

the following: the Original Charge; the November 8, 2022, 9:46 a.m. email from Nuñez's counsel to the EEOC advising that the Amended Charge was included as an attachment; and the Amended Charge, which contained her pay discrimination allegations and reflected that it was signed and notarized on November 7, 2022.

In reply, IBM maintains that it has "met its burden of demonstrating Nuñez's failure to exhaust by presenting the EEOC's entire case file and activity log, which plainly shows that the EEOC did not review the Amended Charge, investigate any pay discrimination claims, or put IBM on notice of allegations against it." D. Reply (ECF No. 58) at 4 (emphasis omitted). IBM also contends that Nuñez "has not put forth admissible summary judgment evidence" and that, regardless, "[m]erely submitting the Amended Charge does not equate to administrative exhaustion as a matter of law." *Id.* at 3 (emphasis omitted).

B

Viewing the evidence in the light most favorable to Nuñez and drawing all reasonable inferences in her favor, the court concludes that IBM has demonstrated beyond peradventure that she did not exhaust her pay discrimination claims before the EEOC.

To "file" a charge of discrimination with the EEOC, the EEOC must receive it. *See* 29 C.F.R. § 1601.13 (2024); *see also Owens v. Dall. Cnty. Cmty. Coll. Dist.*, 793 Fed. Appx. 298, 301 (5th Cir. 2019) (per curiam) ("Charges are considered filed when the EEOC receives the document."); *Taylor v. Gen. Tel. Co. of Sw.*, 759 F.2d 437, 440 (5th Cir. 1985) (emphasis added) (holding "the filing date of a charge is that of its *receipt by* the EEOC"); *Sosa v. Guardian Indus. Prod.*, 2007 WL 1300463, at *4 (S.D. Tex. May 3, 2007) (emphasis

added) ("Implicit within the statutory scheme is the requirement that to amend a charge, the amendments to a charge must be sent to *and received by* the EEOC.").

IBM has introduced ample undisputed evidence that the EEOC did not receive the Amended Charge: the EEOC's File contains various records of the Original Charge, but no corresponding records of the Amended Charge; and, in a series of communications, the EEOC addresses Nuñez's amending her charge to include pay discrimination claims, suggesting that the EEOC had not already received her Amended Charge (otherwise, why ask her on November 8, 2022 whether she wanted to amend her charge and advise her on December 7, 2022 that, if she did not amend her charge, the EEOC would render a decision on the Original Charge?).

And Nuñez's rebuttal evidence does not raise a genuine factual dispute.  The court cannot reasonably infer from Nuñez's having emailed the Amended Charge to the EEOC[5] that the EEOC actually *received* it, especially in the face of these undisputed facts: a mere four hours *after* Nuñez sent her email to the EEOC, the EEOC emailed her asking whether she wished to amend her charge; about one month after that, the EEOC advised Nuñez that, if she did not amend her charge, the EEOC would render a decision on the Original Charge; and the EEOC later dismissed Nuñez's case without any indication in the File that it had

---

[5]The court will assume *arguendo* that Nuñez's email that purports to transmit the Amended Charge to the EEOC is admissible summary judgment evidence because, regardless, there is no genuine dispute about whether the EEOC received the Amended Charge and therefore no genuine dispute about whether Nuñez filed the Amended Charge as a matter of law.

investigated the substance of Nuñez's pay discrimination allegations. *See, e.g.*, *Grice v. FMC Techs. Inc.*, 216 Fed. Appx. 401, 404 (5th Cir. 2007) (per curiam) (affirming summary judgment dismissing Title VII claim for failure to exhaust where there was "no record evidence that [the claimant] filed another EEOC charge or amended his October 6, 2004, EEOC charge" alleging racial discrimination with his retaliation allegations); *Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, 2020 WL 798276, at *12 (M.D. La. Feb. 18, 2020) (dismissing Title VII claim because claimant's "failed amendment equate[d] to a failure to exhaust her administrative remedies with regard to the retaliation claims"); *Sosa*, 2007 WL 1300463, at *4 (granting summary judgment against Title VII claimant for failure to exhaust where parties did not dispute that claimant signed and notarized intended amendment to EEOC charge, yet "[a]ll of the summary judgment [evidence] is that it was not filed and there is no summary judgment evidence that he did file it").

IBM has therefore demonstrated beyond peradventure that Nuñez did not exhaust her pay discrimination claims before the EEOC by filing the Amended Charge.

## IV

Nor is there a genuine dispute about whether Nuñez's pay discrimination claims "grow out of" the Original Charge.

"In analyzing whether a complainant has exhausted [her] administrative remedies, 'the crucial element of a charge of discrimination is the factual statement contained therein.'" *Sosa*, 2007 WL 1300463, at *5 (quoting *Sanchez*, 431 F.2d at 462). "Although an EEOC charge should be construed liberally to encompass 'any kind of discrimination like or related

to the charge's allegations,' it is nonetheless 'limited . . . by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.'" *Id.* (quoting *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)).

It is undisputed that the Original Charge and its accompanying factual statement allege bullying, not pay discrimination. And because Nuñez's pay discrimination allegations plainly are not sufficiently like or related to the Original Charge's bullying allegations, her pay discrimination claims are not within "the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Id.* (quoting *Fellows*, 701 F.2d at 451); *see, e.g.*, *Jennings v. Towers Watson*, 11 F.4th 335, 343 (5th Cir. 2021) (affirming summary judgment dismissing Title VII claim for failure to exhaust where "[i]t is not reasonable to expect that an investigation into Jennings's EEOC charges, which mentioned only her claim that she was not paid for the training days completed before her injury while her white colleagues were treated differently, would uncover facts related to the seating segregation Jennings alleges in her complaint. Nor is it reasonable to expect that an investigation into Jennings's EEOC charges would reveal the harassment Jennings alleges as the basis for her hostile work environment claim"); *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 168 (5th Cir. 2018) (same where charge of discrimination did not "include allegations 'like or related to' [claimant's] constructive discharge claim").[6]

_____

[6]*See also Crawford v. Harris Cnty. Juv. Prob. Dep't*, 2001 WL 1751457, at *3 (5th Cir. Dec. 26, 2001) (per curiam) (affirming summary judgment dismissing ADA claim for

V

Nor did Nuñez exhaust her administrative remedies by raising her pay discrimination allegations in her response to IBM's Position Statement. In the Fifth Circuit, the exhaustion inquiry focuses on the scope of the investigation that could reasonably be expected to grow out of the charge of discrimination, not what could reasonably be expected to grow out of a complainant's response to a Position Statement. *See Sanchez*, 431 F.2d at 466 (explaining that an EEOC charge is limited to the "'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711-12 (5th Cir. 1994) ("[The EEOC] charge, enlarged only by such EEOC investigation as reasonably proceeds therefrom, fixed the scope of the charging party's subsequent right to institute a civil suit. The suit filed may encompass only 'the discrimination stated in the charge itself or developed in the course

_____

failure to exhaust where:

> The Charge of Discrimination that Crawford signed refers only to racial discrimination and he failed to check the box labeled "disability," and the boxes for an ADA claim and "disability" were left blank on the Notice of Charge of Discrimination forwarded to the Department by the EEOC. Further, Crawford refused to amend his charge to include an ADA claim, per the EEOC's suggestion, and affirmatively told an EEOC investigator that he did not want to add an ADA claim. Accordingly, the EEOC was never presented a charge alleging disability discrimination. Moreover, Crawford's ADA claim is not reasonably related to the Title VII claim actually charged, and the EEOC obviously would have investigated only racial discrimination.

of a reasonable [EEOC] investigation of that charge.'"); *see also Stingley v. Watson Quality Ford, Jackson, MS*, 836 Fed. Appx. 286, 291-92 (5th Cir. 2020) (per curiam) (affirming summary judgment dismissing Title VII race-discrimination claim for failure to exhaust where "[nothing] in [the claimant's] underlying EEOC charge remotely relates to the race-discrimination claim" and explaining that claimant could not "overcome this shortcoming" with her statement about racial discrimination "made in her letter response to [the defendant's] EEOC position statement" because it "fail[ed] to show her [racial discrimination] claim was 'like or related' to the distinct allegations and contentions that were the focus of the EEOC administrative proceedings and associated investigation").

\*   \*   \*

Accordingly, for the reasons explained, the court holds that IBM has established beyond peradventure that Nuñez did not administratively exhaust her pay discrimination claims, and that IBM is entitled to summary judgment. Having already dismissed Nuñez's remaining claims on Rule 12(b)(6) motion, the court dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

December 5, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE