IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALVA NUÑEZ-RENCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1308-D |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION (IBM), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action by plaintiff Rosalva Nuñez-Renck ("Nuñez") against her employer, International Business Machines Corporation ("IBM"), Nuñez moves the court to reconsider its summary judgment ruling dismissing her pay discrimination claims. For the reasons that follow, the court denies the motion.

I

The court assumes the parties' familiarity with its memorandum opinion and order in *Nuñez-Renck v. International Business Machines Corp.* ("*Nuñez IV*"), 2024 WL 4995572 (N.D. Tex. Dec. 5, 2024) (Fitzwater, J.), and recounts only the facts and procedural history necessary to understand this decision.

Nuñez sued IBM in Texas state court, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601

*et seq.*; and the Texas Labor Code. IBM removed the case to this court based on federal question jurisdiction. After the court dismissed all but Nuñez's Title VII pay discrimination claims for failure to state a claim, IBM moved for summary judgment.

In *Nuñez IV* the court granted the motion and entered judgment dismissing this action with prejudice. The court dismissed Nuñez's pay discrimination claims on the ground that IBM has established beyond peradventure that Nuñez did not administratively exhaust those claims before the Equal Employment Opportunity Commission ("EEOC"). It was undisputed that Nuñez did not raise pay discrimination in her original charge of discrimination against IBM; it was clear as a matter of law that her pay discrimination claims did not "grow out of" the allegations in her original charge; and, although Nuñez adduced an amended charge form that did allege pay discrimination, the summary judgment evidence established beyond peradventure that EEOC did not receive it, and therefore that Nuñez did not file it.

Nuñez now moves the court to reconsider its summary judgment ruling in *Nuñez IV*. IBM opposes the motion.[1] The court is deciding the motion on the briefs, without oral argument.

---

[1]IBM also moves for leave to file a surreply. The court denies the motion as moot because, even without considering IBM's proposed surreply, the court concludes that Nuñez has failed to demonstrate that she is entitled to relief under Rule 60(b).

II

The court first determines the nature of Nuñez's motion.

"[T]he Federal Rules of Civil Procedure do not provide for a motion for reconsideration[.]" *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). When, as here, a party moves for reconsideration of a ruling that results in a final judgment more than 28 days after the entry of judgment,[2] "such a motion . . . . is treated as a Rule 60(b) motion [for relief from the judgment]." *Id.* In pertinent part, Rule 60(b) permits a court to grant relief from a final judgment for "mistake," or "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(1), (2).

"[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533-34 (2022); *see also Cavalier v. Jill L. Craft Att'y at L., L.L.C.*, 2024 WL 2846059, at *2 (5th Cir. June 5, 2024) (per curiam) (unpublished table decision).

> Under Rule 60(b)(2), to succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (cleaned up).

As the movant, Nuñez has the burden to establish at least one of the Rule 60(b)

---

[2]Nuñez filed her January 3, 2025 motion for reconsideration 29 days after the entry of judgment on December 5, 2024. *See* Rule 59(e) (setting deadline for motion to alter or amend a judgment as "no later than 28 days after the entry of the judgment").

requirements, and the determination whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n. 14 (5th Cir. 1994) (en banc). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

III

Nuñez has not met her burden to establish at least one of the Rule 60(b) grounds for relief from the court's prior ruling dismissing her pay discrimination claims for failure to exhaust.

In her opening brief, Nuñez appears to move for relief under Rule 60(b)(1) on the ground that the court's dismissal of her pay discrimination claims was a "mistake" because it rested on errors of law. She maintains that she exhausted her pay discrimination claims because they "grow out of the allegations in the [original] charge," and because they were expressly alleged in the amended charge, which she timely submitted to the EEOC via email. P. Br. (ECF No. 63) at 3-6. But Nuñez's rehashing of arguments that the court has already considered and rejected in its summary judgment ruling in *Nuñez IV* does not persuade the court that it committed legal error that should be corrected. As the court explained, "Nuñez's pay discrimination allegations plainly are not sufficiently like or related to the Original Charge's bullying allegations," *Nuñez IV*, 2024 WL 4995572 at *5, and, even if Nuñez *sent* her amended charge to the EEOC, to "'file' a charge of discrimination with the EEOC, the

EEOC must *receive* it," *id.* at \*4 (emphasis added).  Thus Nuñez has not established an entitlement to relief under Rule 60(b)(1).

In her reply brief, Nuñez appears to move for relief under Rule 60(b)(2).[3]  She adduces evidence that the email address to which she previously sent the amended charge received a different email that she sent on January 3, 2025.  She appears to contend that this is circumstantial evidence that the EEOC received her email containing her amended charge.  But even if the court assumes *arguendo* that such evidence could raise a genuine factual dispute about whether the EEOC received her amended charge, it is not "newly discovered evidence that, with reasonable diligence could not have been discovered" before the entry of judgment.  Rule 60(b)(2).  Indeed, Nuñez has not even attempted to explain why she did not present this proof before the entry of judgment.  *See Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.").  To the contrary, it is apparent that this evidence could have been timely presented before the entry of judgment.  But Nuñez waited until after the entry of judgment to present this argument.  This delayed

---

[3]IBM complains that Nuñez has impermissibly raised her Rule 60(b)(2) argument for the first time in her reply brief.  It is well established that "a movant should not be permitted to cure by way of reply what is in fact a defective motion[.]"  *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, J.).  Moreover, the court can (or usually does) decline to consider an argument raised for the first time in a reply brief.  *See, e.g.*, *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.).  The court will consider Nuñez's Rule 60(b)(2) argument, however, because, even assuming *arguendo* that it was properly raised, the argument does not support granting Nuñez relief from the judgment.

effort does not warrant the court's reconsidering the judgment.

* * *

Accordingly, for the reasons explained, Nuñez's January 3, 2025 motion for reconsideration is denied, and IBM's February 12, 2025 motion for leave to file a surreply is denied as moot.

**SO ORDERED**.

February 24, 2025.

                                                    SIDNEY A. FITZWATER
                                                    SENIOR JUDGE